**EULESS DEVELOPERS, INC., Appellant,**

v.

**DRISKELL LUMBER COMPANY, Inc.,**

**Appellee.**

**No. 16305.**

Court of Civil Appeals of Texas.

Fort Worth.

March 9, 1962.

Rehearing Denied April 6, 1962.

Bonney, Wade & Morgan, Herbert S. Bonney, Jr., and Minor Morgan, Dallas, for appellant.

McDonald, Sanders, Nichols, Wynn & Ginsburg, and Richard Owens, Fort Worth, for appellee.

RENFRO, Justice.

The appellant Euless Developers, Inc., appealed from a judgment which declared the mechanic's lien owned by appellee Driskell Lumber Company to be prior to appellant's vendor's lien.

By warranty deed dated January 27, 1960, Euless Developers, Inc. (hereinafter called Euless) conveyed Lot 11–R, Block 1, Oak Crest Estates, an addition to the cities of Euless and Fort Worth, to C. Roy Kizer, Jr., in consideration of $10.00 cash and the execution of a promissory note in the sum of $1,550.00. The deed contained the following provisions: "It is the intention of the grantee herein, after title to the above property is acquired, to execute a mechanic's lien contract securing Driskell Lumber Company in the payment

of one certain promissory note, in the principal sum of $12,500.00, to cover the cost of construction of improvements on said property, and it is agreed and understood that the liens securing payment of the $1,-550.00 vendor's lien note above described are and shall remain second and inferior to the $12,500.00 mechanic's lien note and all liens securing its payment and all extensions and renewals thereof.

"The vendor's lien of the undersigned, which is described in this instrument, shall be first and superior to all liens of laborer's or materialmen, or other creditors, other than the principal amount of $12,500.00, being the principal amount of the above referred to mechanic's lien note, it being understood that such vendor's lien is subordinated only to the amount of said note; and when such amount is paid for labor and material on the construction of the improvements described in the mechanic's lien contract, there shall be no further subordination to any other lien of any kind or nature."

On the 28th day of January, 1960, C. Roy Kizer, Jr., entered into a mechanic's lien contract with C. R. Kizer in contemplation of C. R. Kizer building a residence upon the above described lot, and on the same day executed a mechanic's lien note in favor of C. R. Kizer in the sum of $15,500.00. The note and lien were assigned immediately to Driskell by Kizer.

The residence was completed with money furnished by Driskell. Kizer paid neither Euless nor Driskell.

Driskell sued to establish priority of its lien over Euless, and for recovery against the two Kizers.

The court granted Driskell judgment against the Kizers for $16,113.80, and adjudged Driskell's lien, to the extent of $12,500.00, first and prior to the Euless' vendor's lien. Euless was granted judgment against C. Roy Kizer, Jr., for $1,388.10 and its lien established as second to Driskell's lien. The Kizers did not appeal.

Euless contends Driskell did not acquire a lien superior to its vendor's lien because its agreement was to subordinate its lien to a $12,500.00 note which was never executed and because Kizer, Jr., agreed with Euless to construct a residence containing 1400 sq. ft. while the proceeds of the Driskell loan were used to construct a residence of less than 1400 sq. ft.

█ It will be noted that in the subordination agreement Euless provided that its vendor's lien was subrogated "only to the amount of said note" and that when such amount was paid for labor and material on the construction of the improvements described in the mechanic's lien contract there should be no further subordination of any kind. It was thus contemplated that more labor and materials would be required to complete the construction of the house, but, in that event, Euless would not subordinate its lien to such additional cost. There was nothing in the agreement to prevent Kizer from spending more than $12,500.00 on the house if he found it necessary. Driskell, the assignee of the mechanic's lien, was the lender of money, not the contractor. It was willing to finance the construction up to an amount of $15,-500.00, but was willing also to restrict its first lien to the amount of $12,500.00. The fact that Driskell loaned three thousand dollars more than the amount of its mechanic's lien did not prejudice Euless but was calculated to increase Euless' security. Brooklyn Trust Co. v. Fairfield Gardens, 260 N.Y. 16, 182 N.E. 231.

From a study of the Euless agreement as a whole, we think it was the intention of Euless and Kizer that Euless would subordinate its vendor's lien to the extent of $12,500.00. Since no sufficient reason appears to show that such intention should not be honored, it should not be disregarded. McConnell v. Mortgage Investment Co. of El Paso, 157 Tex. 572, 305 S.W.2d 280.

█ Euless claims it had an agreement with Kizer, Jr., that called for a building

with an area of 1400 sq. ft. No such agreement was placed of record and there is no contention that Driskell, the lender, had any knowledge of such agreement. On the contrary, the warranty deed from Euless to Kizer, Jr., which contained the subordination agreement merely referred to "construction of improvements on said property", and did not specify what improvements were to be constructed. Driskell, unaware of the agreement between Euless and Kizer, Jr., that the house would have 1400 sq. ft., and having itself made no such agreement with Euless, was entitled to rely upon the subordination agreement as it appeared in the deed. Under the circumstances the fact that Kizer constructed a house of less than 1400 sq. ft. did not destroy Driskell's prior lien on the house that was actually built. Amer. Law of Property, Vol. IV, p. 218, sec. 16.106D.

The judgment of the trial court is affirmed.